UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CINCY SHOP AND : CASE NO. <u>1:18-cv-00166</u>
EMBROIDERY, D/B/A
HATS N' MORE : Judge Susan J. Dlott
6790 Legacy Trace Lane Magistrate Judge Stephanie K. Bowman
Cincinnati, OH 45239

       Plaintiff :

: **<u>VERIFIED AMENDED</u>**
**<u>COMPLAINT FOR</u>**
**<u>TEMPORARY RESTRAINING</u>**
: **<u>ORDER AND PRELIMINARY</u>**
v. **<u>INJUNCTION AND DAMAGES</u>**

:

GENESCO, INC.
<u>Statutory Agent:</u>
1415 Murfreesboro Pike :
Nashville, TN 37217

:

       And

:

HAT WORLD, INC.
<u>Statutory Agent:</u>
10555 Lids Way :
Zionsville, IN 46077

:

       And

:

LIDS LOCKER ROOM, D/B/A
LOCKER ROOM BY LIDS
<u>Statutory Agent:</u>
10555 Lids Way
Zionsville, IN 46077 :

(1)

   **And**            :

**LIDS**
<u>Statutory Agent:</u>        :
**10555 Lids Way**
**Zionsville, IN 46077**      :

   **And**            :

**GGP, INC.**           :
<u>Statutory Agent:</u>
**Corporation Service Company**
**50 West Broad Street, Suite 1330**  :
**Columbus, OH 43215**

   **And**            :

**Kenwood Mall, LLC**      :
<u>Statutory Agent:</u>
**Corporation Service Company**
**50 West Broad Street, Suite 1330**  :
**Columbus, OH 43215**

      **Defendants.**

Now comes Plaintiff Cincy Shop and Embroidery, d/b/a Hats n' More (herein "Cincy Shop"), by and through counsel, and for its Complaint for a Temporary Restraining Order and Preliminary Injunction under Rule 65(a) and (b) of the Federal Rules of Civil Procedure, states as follows:

## **PRELIMINARY STATEMENT**

1. This is a complaint for a temporary restraining order and preliminary injunction by a local family-owned business against two publicly traded companies (and their

subsidiaries) for the latter's conspiracy to run the former out of business in a major geographic market. The local business seeks immediate relief from the Defendants' attempts, which amount to an illegal conspiracy, to evict it from a prominent shopping center owned and operated by one of the Defendants.

2. The local business was engaged in legally protected activity at all times and has made multiple overtures to the Defendants to be permitted to preserve its market presence in a major geographic market. The Defendants have repeatedly rebuffed the local business's attempts at constructive dialogue and have combined to sabotage the latter's business activities.

3. The local business seeks a temporary restraining order and preliminary injunction to prevent the irreparable harm it will face as a result of the incalculable loss of consumer and vendor good-will, lost revenue, and other damages due to shutting down one of its few stores.

## PARTIES

4. Cincy Shop, the Plaintiff herein, is a limited liability corporation engaged in the retail sale of Cincinnati-related memorabilia and souvenirs, college logo sportswear, wastebaskets, hats, Major League Baseball-, National Basketball Association -, NCAA-, National Football League - , and National Hockey League -licensed merchandise and novelties, and similar such paraphernalia from various retail shopping malls in the Cincinnati metropolitan area, including Kenwood Towne Centre, which is located in the jurisdiction of this Court, and Florence Mall, which are the primary subjects of this litigation.

5. Cincy Shop is the only company in the Greater-Cincinnati area, aside from Defendants LIDS and Locker Room by Lids, that specializes in the retail sale of a large selection of sports-themed hats and embroidered hats.

6. Cincy Shop also occupies retail space in Northgate Mall, Tri-County Mall and Dayton Mall.

7. Cincy Shop is solely owned by Mark Stapleton, who has established its primary office at 6790 Legacy Ridge Lane, in Hamilton County, Ohio, which is within the jurisdiction of this Court.

8. Defendant GGP, Inc. (herein "GGP") is a publicly traded company listed on the New York Stock Exchange that owns and operates Kenwood Town Centre, Florence Mall, and numerous other retail shopping malls throughout the United States, which maintains its local offices at 7875 Montgomery Road, Cincinnati, OH. GGP's corporate headquarters are 350 N. Orleans St., Suite 300, Chicago, IL.

9. Defendant Kenwood Mall, LLC is a wholly-owned subsidiary of Defendant, GGP, Inc., and is responsible for the operation of the Kenwood Towne Centre shopping mall in Cincinnati, Ohio, under the oversight of Defendant, GGP.

10. Defendant Genesco, Inc. (herein "Genesco") is a publicly traded company listed on the New York Stock Exchange that owns and operates a wide range of clothing retailers throughout the United States. It is headquartered at 1415 Murfreesboro Pike, Nashville, TN. It is also the parent company of Defendant Hat World Corporation.

11. Defendant Hat World Corporation (herein "Hat World") is a wholly-owned subsidiary of Genesco. While it is headquartered at 10555 Lids Way, Zionsville, IN, its CEO and President work out of Genesco's Corporate office in Nashville, TN. Hat World owns and

(4)

operates a network of retail stores throughout the United States, including Defendant LIDS Locker Room, d/b/a Locker Room by Lids (herein "Locker Room") and LIDS.

12. Defendant Locker Room is, to the best of Plaintiff's knowledge and belief, either a wholly owned subsidiary of Hat World, or a non-corporate entity which serves as a business or trade name of Hat World. Defendant Locker Room is engaged in the retail sale of college logo-bearing sportswear, wastebaskets, hats, and similar such paraphernalia out of spaces it leases from shopping malls throughout the country, including Kenwood Towne Centre and Florence Mall. Defendant Locker Room is a competitor of Plaintiff Cincy Shop in Kenwood Towne Centre and Florence Mall, as well as in other shopping malls within and outside the jurisdiction of this Court.

13. Defendant LIDS is, to the best of Plaintiff's knowledge and belief, either a wholly owned subsidiary of Hat World, or a non-corporate entity which serves either as a business of trade name of Hat World. Defendant LIDS is engaged in the retail sale primarily of college logo-bearing hats and other headwear out of spaces it leases from shopping malls throughout the country, including Kenwood Towne Centre and Florence Mall. Defendant LIDS is a competitor of Plaintiff Cincy Shop in Kenwood Towne Centre and Florence Mall, as well as in other shopping malls within and outside the jurisdiction of this Court.

14. The facts giving rise to this Verified Complaint occurred substantially within Hamilton County, Ohio.

## JURISDICTION

15. This court has personal jurisdiction over the Defendants in this case because they have agents in Ohio and conduct substantial business activities in the state.

16. This court has jurisdiction over the subject matter of this case because it raises federal questions, namely whether Defendants have violated the Sherman Antitrust Act, 15 U.S.C. §1.

17. This court has supplemental jurisdiction over pendant state claims under 28 U.S.C. §1367.

18. This court is an appropriate venue in this case under 28 U.S.C. §1391(b), because a substantial part of the events at issue occurred within this judicial district.

## FACTS

19. Cincy Shop is, and has always been, a family-owned business since its inception in 1979. It was initially owned by the parents of Mark Stapleton until it was signed over to Mr. Stapleton in January 2013.

20. In the early years of Cincy Shop's retail operations, the sale of hats was a relatively minor aspect of its retail sales. However, as the years progressed into the 21st Century, the sale of hats occupied a steadily-increasing aspect of Cincy Shops retail offerings. As of 2018, it comprised approximately 50% of Cincy Shop's sales.

21. Reflecting this trend, Cincy Shop, as of 2006, changed its name to add at the end "d/b/a Hats n' More.

22. As of December 31, 2017, Cincy Shop occupied retail space at Florence Mall, Northgate Mall, Tri-County Mall, and Dayton Mall.

23. Sometime in very early January 2018, Cincy Shop, through its owner Mark Stapleton began making overtures to Defendant GGP, which owned and operated Kenwood Towne Centre about the possibility of leasing space at that mall.

24. On January 4, 2018, Cincy Shop, through its President Kevin Stapleton, Mark Stapleton's son, completed and signed a "Specialty Leasing Retailer Application," attached hereto as Attachment A, to lease space at Kenwood Towne Centre and submitted it to Defendant GGP and Defendant Kenwood Mall, LLC. The trade name "Hats n' More" was prominently displayed.

25. On that same day, Kevin Stapleton emailed Wanda Wagner-Turiak, Defendant GGP's Senior General Manager expressing interest in acquiring retail space at Kenwood Towne Centre. A little over a half-hour later, Ms. Wagner-Turiak emailed him back, telling him that "we have a perfect opportunity for you at Kenwood!" Later that afternoon, Mr. Stapleton received an email from Kelly Koeller, one of Defendant GGP's leasing agents, advising him that Kenwood had "a great space for them" that was about to be vacated by Defendant Locker Room the following week. Ms. Koeller's email also asked Mr. Stapleton for Cincy Shop's sales projections into the year, which he promptly provided her. This entire email thread encompassing all of these January 4, 2018 emails is attached hereto as Attachment B.

26. On January 5, 2018, Mr. Stapleton emailed Ms. Koeller stating that the offered lease terms of a two-year "Temporary" lease was acceptable, although he expressed some unease about one of the provisions that said that the lease was terminable for any reason with 30-days' notice. Ms. Koeller emailed him back later that day confirming the 30-day notice provision but assuring him "at this time you will be fine until your sales increase and can go perm". This email exchange is attached hereto as Attachment C.

27. On January 9, 2018, Ms. Koeller informed Mr. Stapleton that she was "95% sure" that Cincy Shop's application for a temporary lease would be approved, but it still had to be approved by a GGP committee which ultimately took place.

28. Even though Defendant Locker Room vacated its space at Kenwood Towne Centre sometime in January 2018, Defendant LIDS continued to occupy a much smaller retail space at the mall devoted exclusively to the sale of hats.

29. On January 11, 2018, Ms. Koeller sent an email to Kevin Stapleton, the President of Cincy Shop stating that since the space Cincy Shop would be operating at Kenwood Towne Centre would be close to Defendant LIDS' leased space the GGP committee wanted Cincy Shop to operate without the title "d/b/a Hats n' More. Kevin Stapleton emailed Ms. Koeller back a few hour later refusing her request. He elaborated that Cincy Shop was phasing out the Cincy Shop title for marketing purposes and moving forward with Hats n' More as its new brand. And that by the end of the year, reference to "Cincy Shop" would be eliminated altogether. This email exchange is attached hereto as Attachment D.

30. On January 16, 2018, GGP agent Bonnie Morris sent Cincy Shop an email welcoming "Hats n' More" to Kenwood Towne Center. On January 18, 2018, Cincy Shop and Defendant Kenwood Mall, LLC entered into a Licensing Agreement granting Cincy Shop a two year "license" to lease the designated space earlier vacated by Defendant Locker Room. The trade name for licensee Cincy Shop was prominently displayed as "Hats n' More". This License Agreement is attached hereto as Attachment E.

31. Paragraph 2 of the License Agreement gives Defendants GGP and Kenwood Mall, LLC the right to terminate Cincy Shop's license at will provided 30 days' notice was given.

(8)

32. On January 29, 2018, Bonnie Morris emailed Cincy Shop requesting verification that Cincy Shop was on schedule to open its store in Kenwood Towne Center on February 1, 2018. A couple of hours later, Kevin Stapleton emailed Ms. Morris back confirming that Cincy Shop would reopen on February 1, 2018. This email exchange is attached hereto as Attachment F.

33. On January 30, 2018, Ms. Koeller told Mark Stapleton that LIDS was "throwing a fit" that Cincy Shop was in the mall. She added that the President of LIDS had contacted the President of Defendant GGP reminding him that LIDS "had 100 stores with GGP and could not believe GGP would lease a space to us [Cincy Shop], especially the same space they had just vacated."

34. While Ms. Koeller was talking about pressure being placed on Defendant GGP by Defendant LIDS, Mr. Stapleton had reason to believe that pressure was also being applied by Defendant Locker Room, since that was the entity that had recently vacated the space to be occupied by Cincy Shops.

35. On February 1, 2018, Cincy Shops opened for business in its assigned space at Kenwood Town Centre. The signage reflected the name of the store as "Hat's n' More"

36. Later that day, Ms. Koeller informed Mark Stapleton that Defendants GGP and Kenwood Mall, LLC would be sending Cincy Shop a 30-day notice termination-of-license letter.

37. On February 2, 2018, Ms. Koeller informed Mr. Stapleton that upon advice from Defendant GGP's attorneys, GGP "would hold off on the termination letter for now."

38. Later on, February 2, 2018, Ms. Koeller emailed Cincy Shop offering to assign it a different retail space in Kenwood Town Centre if Cincy Shop agreed to drop the name "Hats n' More" and refrain from selling hats. This email is attached as Attachment G.

39. To the best of Mark Stapleton's knowledge and belief, also on February 2, 2018, various employees of Defendant LIDS entered Cincy Shop's store at Kenwood Towne Centre and began harassing Cincy Shop's employees, telling them that LIDS was going to shut the store down. One or more of the Defendant LIDS employees began taking pictures of Cincy Shop's displays. Cincy Shop had to call Defendant GGP's and Defendant Kenwood Mall, LLC's mall security personnel to go to LIDS' location and warn its employees to refrain from coming back into Cincy Shop's store.

40. To the best of Mark Stapleton's knowledge and belief, on February 4, 2018, Ms. Koeller visited Cincy Shops retail space, and accused Cincy Shop of "F***ing with LIDS by putting hats in the window. Cincy Shop complied with her requests to remove the hats, mindful of Defendant GGP's ability to revoke Cincy Shop's license.

41. On February 5, 2018, Kelly Koeller showed Mark Stapleton a different location in the mall which was much bigger and carried with it a larger monthly rent. It would also require a complete gut.

42. Later that day, Ms. Koeller sent Mark Stapleton an email, attached hereto as Attachment H, chiding him for previously failing to share with her "the contentious relationship and issues Hats n' More has had with Lids in other malls where you are both tenants. If I had been aware, we would have never located you in such close proximity to the LIDS location. I was also under the impression that the store would be a smaller percentage of hat sales." (emphasis added). The email continued by describing the new terms, which was a new two year temporary term, beginning on March 1, 2018 and ending on February 28, 2020. The rent would be higher as well. Also, the sale of hats would be prohibited, subject to Defendant GGP's possible allowance for a very small percentage of hat sales.

43. On February 7, 2018, Ms. Koeller emailed Mark Stapleton pressing him for a response to Defendant GGP's latest relocation proposal. See Attachment H.

44. To the best of Cincy Shop's knowledge and belief, the District Manager, Regional Manager, and President of LIDS visited Cincy Shop's Florence Mall's store location on February 8, 2018 and interrogated one of its employees as to Cincy Shop's activities in the Kenwood Towne Centre.

45. On February 9, 2018, Cincy Shop emailed Defendant GGP and Ms. Koeller rejecting their relocation proposal since it did not fit is business and marketing model, centered as it was on the increased effort to sell hats.

46. On February 11, 2018, Kelly Koeller telephoned Kevin Stapleton and told him she could not believe that his parents had rejected Defendant GGP's relocation offer without making a counter offer. Kevin Stapleton responded that his father Mark was unhappy about having already wasted a lot of money fixing up the current space and now was being asked to do it again, and even if Cincy Shop accepted Defendant GGP's relocation offer, GGP would evict Cincy Shop some other time during the lease. Ms. Koeller conceded that Cincy Shop's fears were justified, and that it would be evicted after one year. Kevin also expressed Cincy Shop's unhappiness about the exclusion of the sale of hats.

47. After hanging up with Kevin Stapleton, Ms. Koeller called Mark Stapleton and asked why he had rejected the relocation offer. Mark Stapleton responded that with having to do more construction, being required to change the Hats n' More name, and stop selling hats, the proposal was unacceptable. He further complained that Defendant LIDS was successfully pressuring Defendant GGP to shut down his business at Kenwood Towne

Center. He said that he had video footage of Defendant LIDS employees going into his Florence Mall store and checking Cincy Shop's merchandise displays and asking Cincy Shop employees about what was happening with Cincy Shop at Kenwood Mall.

48. To the best of Mark Stapleton's knowledge and belief, Brittany Stapleton, Kevin Stapleton's wife met with Kelly Koeller on February 11, 2018 and showed her pictures of the hats being removed from shelves. Ms. Koeller responded by ordering Ms. Stapleton to also take down the grid in the front window of the store which displayed Cincy Shop's neon clocks. Cincy Shop complied with this request on February 12, 2018.

49. To the best of Mark Stapleton's knowledge and belief, Brittany Stapleton was present at the Cincy Shop's store in Kenwood Towne Center on February 13, 2018, when she overheard Ms. Koeller speaking to three unidentified men saying words to the effect that Defendant GGP was terminating Cincy Shop's lease at the mall.

50. Also, on February 13, 2018, to the best of Mark Stapleton's knowledge and belief, corporate representatives from Defendant LIDS entered Cincy Shop's Florence Mall store and began asking questions of one of Cincy Shop's employees.

51. To the best of Mark Stapleton's knowledge and belief, throughout January and February of 2018, the specific dates being unknown to Mr. Stapleton, numerous employees of Defendant LIDS at Florence Mall and Kenwood Towne Center have entered into Cincy Shop's store at Florence Mall and Kenwood Towne Center in an attempt to recruit Cincy Shop's employees to quit and come to work for Defendant LIDS or Defendant Locker Room. They have additionally made defamatory statements to Cincy Shop's employees and customers that "Hats n' More sells "fake hats" and will soon be going out of business

at Florence Mall and Kenwood Towne Center. They have also harassed Cincy Shop's employees by asking them questions about the store's business operations.

52. To the best of Mark Stapleton's knowledge and belief, all of the conduct of LIDS and Locker Room by Lids has been undertaken with the express or implied approval of Defendant Hat World and Defendant Genesco, inasmuch as the President and CEO of Hat World also occupy management positions with Defendant Genesco, Defendant LIDS and Defendant Locker Room by Lids.

53. On February 20, 2018, Wanda Wagner-Turiak, GGP Senior General Manager sent Cincy Shop a letter by certified mail, attached hereto as Attachment I, giving it the 30-days's notice required by Paragraph 1 of the License Agreement, that its license to operate a retail store at would expire effective March 23, 2018.

## COUNT ONE

54. Plaintiff incorporates by reference all of the allegations in the foregoing paragraphs of its Complaint as if fully rewritten herein.

55. By engaging in the conduct set forth above, Defendants GGP, Kenwood Mall, LLC, LIDS, Locker Room by Lids, Hat World, and Genesco have, acting in concert, engaged in an anti-competitive conspiracy in violation of the Sherman Antitrust Act, 15 U.S.C. §1 to the severe economic detriment of Cincy Shops at Kenwood Towne Centre and its surrounding geographic market.

## COUNT TWO

56. Plaintiff incorporates by reference all of the allegations in the foregoing paragraphs of its Complaint as if fully rewritten herein.

57. By engaging in the conduct set forth above, Defendants GGP, Kenwood Mall, LLC, LIDS, Locker Room by Lids, Hat World, and Genesco have, acting in concert, engaged in an anti-competitive conspiracy in violation of the Ohio's Valentine Act, O.R.C. §1331.01, to the severe economic detriment of Cincy Shops at Kenwood Towne Centre and its surrounding geographic market.

## COUNT THREE

58. Plaintiff incorporates by reference all of the allegations in the foregoing paragraphs of its Complaint as if fully rewritten herein

59. By engaging in the conduct set forth above, Defendants LIDS, Locker Room by Lids, Hat World, and Genesco have defamed Cincy Shop.

## COUNT FOUR

60. Plaintiff incorporates by reference all of the allegations in the foregoing paragraphs of its Complaint as if fully rewritten herein.

61. By engaging in the conduct set forth above, Defendants LIDS, Locker Room by Lids, Hat World, and Genesco have engaged in a "deceptive trade practice" prohibited by Ohio Revised Code §4165.02 to the detriment of Cincy Shop's economic and business interests at its Kenwood Towne Centre and Florence Mall retail stores, and perhaps elsewhere.

## COUNT FIVE

62. Plaintiff incorporates by reference all of the allegations in the foregoing paragraphs of its Complaint as if fully rewritten herein.

63. By engaging in the conduct set forth above, Defendants LIDS, Locker Room by Lids, Hat World, and Genesco have tortuously interfered with the contractual relationship between Plaintiff Cincy Shop and Defendants GGP and Kenwood Mall, LLC both at Kenwood Towne Center and Florence Mall.

## COUNT SIX

64. Plaintiff incorporates by reference all of the allegations in the foregoing paragraphs of its Complaint as if fully rewritten herein.

65. By engaging in the conduct set forth above, Defendants LIDS, Locker Room by Lids, Hat World, and Genesco have tortuously interfered with the business relationship between Plaintiff Cincy Shop and Defendants GGP and Kenwood Mall, LLC both at Kenwood Towne Center and Florence Mall.

## COUNT SEVEN

66. Plaintiff incorporates by reference all of the allegations in the foregoing paragraphs of its Complaint as if fully rewritten herein.

67. By engaging in the conduct set forth above, Defendants GGP and Kenwood Mall, LLC has unjustly, in violation of common principles of fairness and equity, breached its promises to Cincy Shops after Cincy Ship reasonably relied on such promises to its own detriment.

## PRAYER FOR INJUNCTIVE RELIEF

**WHEREAS,** Cincy Shop has already suffered monetary damages in the amount of money it paid to have its contracted-for retail space at Kenwood Mall gutted and remodeled, and proper signage created, and;

**WHEREAS**, should Defendants be allowed to engage in the aforementioned unlawful conduct to effectuate Cincy Shop's ouster from Kenwood Towne Center as of March 23, 2018, Cincy Shop will suffer irreparable harm in terms of (1) the unquantifiable loss of consumer and vendor goodwill it will suffer as a result of shutting down one of its few stores, (2) the hats and other merchandise it has already contracted to purchase from various vendors to sell throughout 2018, including the all-important Christmas season, and (3) the loss of its market presence in Kenwood Towne Centre and accompanying loss of retail revenue it would have realized past March 23, 2018 through at least the end of the two year license agreement with Defendant GGP.

**WHEREAS**, should Defendants be allowed to engage in the aforementioned unlawful conduct to effectuate Cincy Shop's ouster from Kenwood Towne Center as of March 23, 2018, as well as their aforementioned unlawful conduct at Florence Mall, Cincy Shop will suffer irreparable harm in terms of Defendants' LIDS, Locker Room by Lids, Hat World, and Genesco's ability to pressure Defendants GGP and Kenwood Mall, LLC to join with them in a conspiracy to revoke Cincy Shop's license at Florence Mall, to Cincy Shop's economic and business detriment as described in the preceding paragraph.

**WHEREFORE**, Cincy Shop prays for relief as follows:

A. For a preliminary injunction enjoining Defendants LIDS, Locker Room by Lids, Hat World, Genesco, and GGP and Kenwood Mall, LLC from acting in concert to restrain fair competition by revoking Cincy Shop's current two-year license at either Kenwood Towne Center or Florence Mall.

B. For a preliminary injunction enjoining Defendants LIDS, Locker Room by Lids, Hat World, Genesco, and GGP and Kenwood Mall, LLC from acting in concert to prevent Cincy Shop from using the d/b/a designation "Hats n' More" or restricting the number of

hats Cincy Shop can sell at its current space which it contracted with Defendant GGP, and Kenwood Mall, LLC or at any other location at Kenwood Towne Centre.

C. For a preliminary injunction enjoining Defendants LIDS, Locker Room by Lids, Hat World, and Genesco from, instructing or permitting its employees to (1) harass Cincy Shops employees at Kenwood Towne Centre, or Florence Mall, (2) recruit Cincy Shop's employees to quit their employment with Cincy Shops at either Kenwood Towne Centre or Florence Mall, (3) defame the products or business practices of Cincy Shop to employees or customers, either at Kenwood Towne Centre, Florence Mall, or elsewhere., or (4) engage in deceptive trade practices to the economic detriment of Cincy Shop as prohibited by O.R.C. §4165.02.

D. For a preliminary injunction enjoining Defendants LIDS, Locker Room by Lids, Hat World, and Genesco from tortuously interfering with the continued contractual and business relationship between Cincy Shop and Defendants GGP and Kenwood Mall, LLC.

E. For a preliminary injunction enjoining Defendants LIDS, Lockers Room by Lids, Hat World, and Genesco from conspiring with Defendants GGP and Kenwood Mall, LLC to evict Cincy Shops from the Kenwood Towne Center.

F. For a temporary restraining order enjoining or mandating the conduct which is the subject of the request for preliminary injunction, since Cincy Shop will be evicted from its space in Kenwood Town Center by Defendants GGP and Kenwood Mall, LLC on March 23, 2018 long before a discovery can be under taken and a hearing held on Cincy Shop's request for a preliminary injunction.

G. For a temporary restraining order enjoining Defendants GGP and Kenwood Mall, LLC from evicting Cincy Shops out of its space at Kenwood Towne Center on March 23, 2018 long before a discovery can be under taken and a hearing held on Cincy Shop's request for a preliminary injunction.

H. For an award of damages against Defendants for the damages Cincy Shop has already suffered and will continue to suffer should it be evicted from its space at Kenwood Towne Center

I. For the cost of this action, Cincy Shop's reasonable attorneys' fees, and any other and further relief as this Court deems proper.

                Respectfully submitted,

                /s/ Donald B. Hordes
                Donald B. Hordes (0014212)
                Ritter & Randolph, LLC
                1 E. Fourth Street, Suite 700
                Cincinnati, OH 45202
                Tel: (513) 381-5700
                Fax: (513) 381-0014
                dhordes@ritter-randolph.com
                *Attorney for Plaintiff Cincy Shop and*
                *Embroidery, d/b/a Hats n' More*

*Mark Stapleton*

Mark Stapleton, Owner of Cincy Shop

STATE OF OHIO )

COUNTY OF HAMILTON ) SS.

Before me, a Notary Public in and for said county and state personally appeared Mark Stapleton, Owner, Cincy Shops and Embroidery, d/b/a Hats n' More, and acknowledged the signing of the foregoing instrument to be his voluntary act and deed for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my notarial seal on the 15 th day of March 2018.

Notary Public

My Commission Expires:

DONALD B. HORDES
NOTARY PUBLIC – STATE OF OHIO
My commission has no expiration date. Section 147.03 O.R.C.

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and accurate copy of the Amended Complaint has been served by via electronic mail this 15th day of March 2018, on the following:

George Musekamp, Esq.
Heather Hawkins, Esq.
Thompson Hine LLP
312 Walnut St. Suite 1400
Cincinnati, OH 45202
George.Musekamp@ThompsonHine.com
Heather.Hawkins@ThompsonHine.com
*Counsel for Defendants LIDS Locker Room D/B/A Locker Room by LIDS, Hat World, Inc., and LIDS*

Beth A. Bryan
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
bryan@taftlaw.com
*Counsel for Defendant GGP, INC.*

Jeanne M. Cors
Michael K. Robertson
James D. Abrams
Taft Stettinius & Hollister LLP
65 East State Street, Suite 1000
Columbus, OH 43215-4213
cors@taftlaw.com
mrobertson@taftlaw.com
jabrams@taftlaw.com
*Counsel for Defendant* Genesco, Inc.

               /s/ Donald B. Hordes
               Donald B. Hordes (0014212)
               *Counsel for Plaintiff Cincy Shop and Embroidery, d/b/a Hats n' More*